**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STACEY PARKS,**

          **Plaintiff,**

**-vs-**                                              **Case No. 6:09-cv-1284-Orl-19DAB**

**EXPERIAN CREDIT BUREAU, EQUIFAX**
**CREDIT BUREAU, TRANSUNIION**
**CREDIT BUREAU,**

          **Defendants.**
_____

## ORDER

This case comes before the Court on the Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement by Trans Union LLC. (Doc. No. 19, filed Nov. 25, 2009).

**Background**

On July 7, 2009, Stacey Parks ("Plaintiff"), proceeding *pro se*, filed the present action against Experian Credit Bureau, Equifax Credit Bureau, and Trans Union Credit Bureau (collectively, "the Defendants"). (Doc. No. 1.) Plaintiff alleges that the Defendants' gross negligence resulted in a mobile home park denying Plaintiff's credit application and subsequently evicting her from her home. (*Id.* ¶¶ 17-18.) Plaintiff maintains that Trans Union Credit Bureau ("Trans Union") provided false and inaccurate information to All Nations Funding regarding a mortgage foreclosure, civil judgment, and Chapter 7 bankruptcy filing. (*Id.* ¶¶ 2, 4-5.) Plaintiff further contends that Trans Union violated federal law when it removed the Chapter 7 bankruptcy information but continued to report the mortgage foreclosure and civil judgment. (*Id.* ¶ 9.) Plaintiff seeks damages for the loss of her home

as well as treble damages for the civil judgment and foreclosure that remain on her credit report. (*Id.* at 4.)

Experian and Equifax Credit Bureaus filed their answers and affirmative defenses on November 23 and November 24, 2009, respectively. (Doc. Nos. 14, 15.) On November 25, 2009, Trans Union filed the present Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim, or in the Alternative, Motion for a More Definite Statement.[1] (Doc. No. 19.) Trans Union alleges that the Complaint fails to state facts sufficient to support a claim for relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (*Id.* at 3.) In the alternative, Trans Union requests that the Court order Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*Id.* at 4.)

**Standard of Review**

**I. Motion to Dismiss - Federal Rule of Civil Procedure 12(b)(6)**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept

---

[1] In the Complaint, Plaintiff refers to Trans Union as "TransUnion Credit Bureau." *See* Doc. No. 1. In the Motion to Dismiss, Trans Union refers to itself as "Trans Union LLC." *See* Doc. No. 19. For the sake of clarity, the Court will refer to the Defendant as Trans Union.

as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**II. Motion for a More Definite Statement - Federal Rule of Civil Procedure 12(e)**

Federal Rule of Civil Procedure 12(e) authorizes a party to move for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a

-3-

responsive pleading." Fed. R. Civ. P. 12(e). Federal courts disfavor motions for a more definite statement in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure. *See, e.g., BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007) (citing cases). A motion for a more definite statement brought under Federal Rule of Civil Procedure 12(e) "is proper only when the pleading to which it is addressed is so vague that it cannot be responded to and the information sought is that which is necessary to frame a proper responsive pleading." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1377 (3d ed. 2004). As long as "the moving party is able to discharge the pleading obligations under the rules, a Rule 12(e) motion based on the belief that a better affirmative pleading by an opposing party will enable the party to provide a more enlightening or accurate response will be denied." Wright & Miller § 1377 at 344. Additionally, "[p]leadings are not too vague or ambiguous to enable a defendant to frame a responsive pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement." *Zolin v. Caruth*, No. 3:09-cv-38-WS, 2009 WL 2982907, at *4 (N.D. Fla. Sept. 14, 2009).

**Analysis**

In the present case, Trans Union contends that the Complaint is subject to dismissal under Rule 12(b)(6) because it fails to allege facts sufficient to support a claim for relief under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (Doc. No. 19 at 3.) Trans Union also maintains that the Complaint is subject to dismissal for failure to allege a violation of a specific statute. (*Id.*) Plaintiff has provided no response in opposition to Trans Union's Motion to Dismiss.

A plaintiff need not plead the precise federal statute or law underling the claim(s). *See, e.g., Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989) ("A

compliant need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."). However, a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide "the defendant with fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, the Complaint provides sufficient notice that FCRA claims are being asserted against Trans Union based upon Trans Union's alleged failure to provide accurate information to All Nations Funding[2] and Trans Union's alleged failure to remove disputed items from Plaintiff's credit report.[3]

The Federal Credit Reporting Act ("FCRA") requires consumer reporting agencies to follow reasonable procedures to assure the maximum accuracy of each credit report. 15 U.S.C. § 1681e(b); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). In addition, if a consumer brings a dispute to the agency as to the completeness or accuracy of a credit report, the

---

[2] 15 U.S.C. § 1681e(b) provides that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

[3] 15 U.S.C. § 1681i(a)(1)(A) states:

Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by a consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

agency is required by the FCRA to reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant. 15 U.S.C. § 1681i(a)(1)(A); *Peart v. Shippie*, No. 08-17270, 2009 WL 2435211, at *3 (11th Cir. Aug. 11, 2009) (citing *Cahlin*, 936 F.2d at 1156). An agency is not strictly liable for the inaccuracies of a credit report. *Id.*; *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). The agency is only liable if it fails to follow reasonable procedures. *Cahlin*, 936 F.2d at 1157. The FCRA preempts claims brought by consumers pursuant to state law "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e); *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008); *Jordan v. Equifax Info. Servs., Inc.*, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006).

In the present case, Plaintiff fails to state a claim for relief under either 15 U.S.C. § 1681(e)(b) or § 1681i(a)(1)(A). The Complaint does not allege that Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy of the information in the Plaintiff's credit report. *See* 15 U.S.C. § 1681e(b). In addition, the Complaint does not allege that, after being notified of the dispute by the Plaintiff, Trans Union failed to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate. *See* 15 U.S.C. § 1681i(a)(1)(A). Instead, the Complaint states that Trans Union's "gross negligence and errors" resulted in Plaintiff's injuries. However, under the FCRA, Trans Union is not strictly liable for the alleged inaccuracies in Plaintiff's credit report. Furthermore, the FCRA preempts state law claims of negligence in the absence of

malice or willful intent to injure a consumer.[4] 15 U.S.C. § 1681h(e). Therefore, Plaintiff fails to state a claim under either the FCRA or state law. Accordingly, the Court will grant Trans Union's Motion to Dismiss with leave to amend.

Having dismissed the claims against Trans Union under Rule 12(b)(6), the Court need not reach Trans Union's alternative argument that Plaintiff should provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**Conclusion**

Based on the foregoing, the Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement by Trans Union LLC (Doc. No. 19, filed Nov. 25, 2009) is **GRANTED.** Plaintiff has leave to file an Amended Complaint that comports with this Order within fourteen (14) days from the date of this Order. If the Plaintiff fails to timely submit an Amended Complaint, this action will proceed solely on the well-pled claims of the Complaint.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2010.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Complaint does not allege that Trans Union furnished false information with malice or willful intent to injure the Plaintiff.

Copies furnished to:

Counsel of Record

Unrepresented Parties